AO 440 (Rev. 10/93) SUMMONS in a Civil Action

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA

IRMA RAMIREZ, an individual; and DISABILITY
RIGHTS, ENFORCEMENT, EDUCATION,
SERVICES:HELPING YOU HELP OTHERS, a California
public benefit corporation,

SUMMONS IN A CIVIL CASE

V.

CASE NUMBER:

CV 08 1189

FOODMAXX 468; EXPRESSWAY PARTNERS, LLC, a
limited liability company and SAVE MART
SUPERMARKETS,

TO:

See service list attached

YOU ARE HEREBY SUMMONED and required to serve upon PLAINTIFF'S ATTORNEY

Thomas E. Frankovich
THOMAS E. FRANKOVICH, APLC
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone: 415/674-8600

an answer to the complaint which is herewith served upon you, within __20__ days after service of this summons upon you, exclusive of the day of service. If you fail to do so, judgement by default will be taken against you for the relief demanded in the complaint. You must also file your answer with the Clerk of this Court within a reasonable period of time after service.

RICHARD W. WIEKING

FEB 2 8 2008

CLERK

DATE

Helen L. Almacen

(BY) DEPUTY CLERK

JS 44 - CAND (Rev. 11/04)

BZ

# CIVIL COVER SHEET

The JS-44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. (SEE INSTRUCTIONS ON PAGE TWO.)

## I.(a) PLAINTIFFS

IRMA RAMIREZ, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation

**(b)** COUNTY OF RESIDENCE OF FIRST LISTED PLAINTIFF _____
(EXCEPT IN U.S. PLAINTIFF CASES)

Sonoma County

**(c)** ATTORNEYS (FIRM NAME, ADDRESS, AND TELEPHONE NUMBER)

Thomas E. Frankovich, APLC
2806 Van Ness Ave., S.F., CA 94109  (415) 674-8600

## DEFENDANTS

FOODMAXX 468; EXPRESSWAY PARTNERS, LLC, a limited liability company and SAVE MART SUPERMARKETS

*ADR*

COUNTY OF RESIDENCE OF FIRST LISTED DEFENDANT _____
(IN U.S. PLAINTIFF CASES ONLY)
NOTE:   IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE
TRACT OF LAND INVOLVED.
Sonoma County

ATTORNEYS (IF KNOWN)

Unknown

**ORIGINAL**

## II. BASIS OF JURISDICTION (PLACE AN 'X' IN ONE BOX ONLY)

- ☐ 1 U.S. Government Plaintiff
- ☑ 3 Federal Question (U.S. Government Not a Party)
- ☐ 2 U.S. Government Defendant
- ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

## III. CITIZENSHIP OF PRINCIPAL PARTIES (PLACE AN 'X' IN ONE BOX FOR PLAINTIFF
(For diversity cases only)                    AND ONE BOX FOR DEFENDANT)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐1 | ☐1 | Incorporated or Principal Place of Business In This State | ☐4 | ☐4 |
| Citizen of Another State | ☐2 | ☐2 | Incorporated and Principal Place of Business In Another State | ☐5 | ☐5 |
| Citizen or Subject of a Foreign Country | ☐3 | ☐3 | Foreign Nation | ☐6 | ☐6 |

## IV. ORIGIN (PLACE AN "X" IN ONE BOX ONLY)

- ☑ Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transfered from Another district (specify)
- ☐ 6 Multidistrict Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judgment

## V. NATURE OF SUIT (PLACE AN "X" IN ONE BOX ONLY)

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐610 Agriculture | ☐422 Appeal 28 USC 158 | ☐400 State Reapportionment |
| ☐120 Marine | ☐310 Airplane | ☐362 Personal Injury | ☐620 Other Food & Drug | ☐423 Withdrawal 28 USC 157 | ☐410 Antitrust |
| ☐130 Miller Act | ☐315 Airplane Product Liability | Med Malpractice | ☐625 Drug Related Seizure of Property 21 USC 881 | | ☐430 Banks and Banking |
| ☐140 Negotiable Instrument | ☐320 Assault Libel & | ☐365 Personal Injury Product Liability | ☐630 Liquor Laws | **PROPERTY RIGHTS** | ☐450 Commerce/ICC Rates/etc. |
| ☐150 Recovery of Overpayment & Enforcement of Judgment | Slander | ☐368 Asbestos Personal Injury Product Liability | ☐640 RR & Truck | ☐820 Copyrights | ☐460 Deportation |
| ☐151 Medicare Act | ☐330 Federal Employers Liability | | ☐650 Airline Regs | ☐830 Patent | ☐470 Racketeer Influenced and Corrupt Organizations |
| ☐152 Recovery of Defaulted Student Loans (Excl Veterans) | ☐340 Marine | **PERSONAL PROPERTY** | ☐660 Occupational Safety/Health | ☐840 Trademark | ☐480 Consumer Credit |
| | ☐345 Marine Product Liability | ☐370 Other Fraud | ☐690 Other | | ☐490 Cable/Satellite TV |
| ☐153 Recovery of Overpayment of Veteran's Benefits | ☐350 Motor Vehicle | ☐371 Truth in Lending | **LABOR** | **SOCIAL SECURITY** | ☐810 Selective Service |
| ☐160 Stockholders Suits | ☐355 Motor Vehicle Product Liability | ☐380 Other Personal Property Damage | ☐710 Fair Labor Standards Act | ☐861 HIA (1395ff) | ☐850 Securities/Commodities/ Exchange |
| ☐190 Other Contract | ☐360 Other Personal Injury | ☐385 Property Damage Product Liability | ☐720 Labor/Mgmt Relations | ☐862 Black Lung (923) | ☐875 Customer Challenge 12 USC 3410 |
| ☐195 Contract Product Liability | | | ☐730 Labor/Mgmt Reporting & Disclosure Act | ☐863 DIWC/DIWW (405(g)) | ☐891 Agricultural Acts |
| ☐196 Franchise | | | ☐740 Railway Labor Act | ☐864 SSID Title XVI | ☐892 Economic Stabilization Act |
| | | | ☐790 Other Labor Litigation | ☐865 RSI (405(g)) | ☐893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | ☐791 Empl.Ret. Inc. Security Act | **FEDERAL TAX SUITS** | ☐894 Energy Allocation Act |
| ☐210 Land Condemnation | ☐441 Voting | ☐510 Motion to Vacate Sentence Habeas Corpus: | | ☐870 Taxes (US Plaintiff or Defendant | ☐895 Freedom of Information Act |
| ☐220 Foreclosure | ☐442 Employment | ☐530 General | | ☐871 IRS - Third Party 26 USC 7609 | ☐900 Appeal of Fee Determination Under Equal Access to Justice |
| ☐230 Rent Lease & Ejectment | ☐443 Housing | ☐535 Death Penalty | | | |
| ☐240 Torts to Land | ☐444 Welfare | ☐540 Mandamus & Other | | | ☐950 Constitutionality of State Statutes |
| ☐245 Tort Product Liability | ☐440 Other Civil Rights | ☐550 Civil Rights | | | ☐890 Other Statutory Actions |
| ☐290 All Other Real Property | ☐445 Amer w/ disab - Empl ☐446 Amer w/ disab - Other | ☐555 Prison Condition | | | |

## VI. CAUSE OF ACTION (CITE THE US CIVIL STATUTE UNDER WHICH YOU ARE FILING AND WRITE BRIEF STATEMENT OF CAUSE. DO NOT CITE JURISDICTIONAL STATUTES UNLESS DIVERSITY)

Americans with Disabilities Act of 1990 (42 U.S.C. 12101 et seq.)

## VII. REQUESTED IN COMPLAINT: ☐ CHECK IF THIS IS A CLASS ACTION   DEMAND $_____  CHECK YES only if demanded in complaint:
UNDER F.R.C.P. 23   JURY DEMAND ☑ YES ☐ NO

## VIII. RELATED CASE(S) IF ANY
PLEASE REFER TO CIVIL L.R. 3-12 CONCERNING REQUIREMENT TO FILE "NOTICE OF RELATED CASE".

## IX. DIVISIONAL ASSIGNMENT (CIVIL L.R. 3-2)
(PLACE AND "X" IN ONE BOX ONLY)   ☑ SAN FRANCISCO/OAKLAND   ☐ SAN JOSE

DATE  2/13/08   SIGNATURE OF ATTORNEY OF RECORD

ORIGINAL

THOMAS E. FRANKOVICH (State Bar No. 074414)
THOMAS E. FRANKOVICH,
*A Professional Law Corporation*
2806 Van Ness Avenue
San Francisco, CA 94109
Telephone:    415/674-8600
Facsimile:    415/674-9900

Attorneys for Plaintiffs
IRMA RAMIREZ and
DISABILITY RIGHTS
ENFORCEMENT, EDUCATION,
SERVICES: HELPING YOU
HELP OTHERS

# UNITED STATES DISTRICT COURT

## NORTHERN DISTRICT OF CALIFORNIA

*BZ*

| | |
|---|---|
| IRMA RAMIREZ, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU) HELP OTHERS, a California public benefit corporation,<br><br>        Plaintiffs,<br><br>v.<br><br>FOODMAXX 468; EXPRESSWAY PARTNERS, LLC, a limited liability company and SAVE MART SUPERMARKETS,<br><br>        Defendants. | CASE NO. Civil Rights **08    1189**<br><br>**COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES:**<br><br>**1st CAUSE OF ACTION:** For Denial of Access by a Public Accommodation in Violation of the Americans with Disabilities Act of 1990 (42 U.S.C. §12101, *et seq.*)<br><br>**2nd CAUSE OF ACTION:** For Denial of Full and Equal Access in Violation of California Civil Code §§54, 54.1 and 54.3<br><br>**3rd CAUSE OF ACTION:** For Denial of Accessible Sanitary Facilities in Violation of California Health & Safety Code §19955, *et seq.*<br><br>**4th CAUSE OF ACTION:** For Denial of Access to Full and Equal Accommodations, Advantages, Facilities, Privileges and/or Services in Violation of California Civil Code §51, *et seq.* (The Unruh Civil Rights Act)<br><br><br>**DEMAND FOR JURY** |

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

1    Plaintiffs IRMA RAMIREZ, an individual; and DISABILITY RIGHTS, ENFORCEMENT,

2    EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit

3    corporation (hereinafter sometimes referred to as "DREES"), complain of defendants

4    EXPRESSWAY PARTNERS, LLC, a limited liability company and SAVE MART

5    SUPERMARKETS and allege as follows:

6    **INTRODUCTION:**

7         1.    This is a civil rights action for discrimination against persons with physical

8    disabilities, of which class plaintiff IRMA RAMIREZ and the membership of DREES are

9    members, for failure to remove architectural barriers structural in nature at defendants'

10   FOODMAXX #468, a place of public accommodation, thereby discriminatorily denying

11   plaintiffs and the class of other similarly situated persons with physical disabilities access to, the

12   full and equal enjoyment of, opportunity to participate in, and benefit from, the goods, facilities,

13   services, and accommodations thereof.  Plaintiffs seek injunctive relief and damages pursuant to

14   the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*; California Civil Code

15   §§51, 51.5 and 54, *et seq.*; and California Health & Safety Code §19955, *et seq.*

16        2.    Plaintiff IRMA RAMIREZ is a person with physical disabilities who, on or about

17   December 22, 2006 June 28, 2007, July 13, 2007 and November 9, 2007, was an invitee, guest,

18   patron, customer at defendants' FOODMAXX #468, in the City of Rohnert Park, California.  At

19   said time and place, defendants failed to provide proper legal access to the grocery store, which is

20   a "public accommodation" and/or a "public facility" including, but not limited to *the parking and*

21   *produce bins*.  The denial of access was in violation of both federal and California legal

22   requirements, and plaintiff IRMA RAMIREZ suffered violation of her civil rights to full and

23   equal access, and was embarrassed and humiliated.

24   **JURISDICTION AND VENUE:**

25        3.    **Jurisdiction:**  This Court has jurisdiction of this action pursuant to 28 U.S.C.

26   §1331 for violations of the Americans with Disabilities Act of 1990, 42 U.S.C. §12101, *et seq.*

27   Pursuant to pendant jurisdiction, attendant and related causes of action, arising from the same

28   nucleus of operative facts and arising out of the same transactions, are also brought under parallel

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1  California law, whose goals are closely tied with the ADA, including but not limited to violations

2  of California Civil Code §51, *et seq.* and §54, *et seq.*, California Health & Safety Code §19955 *et*

3  *seq.*, including §19959; Title 24 California Building Standards Code.

4      4.   **Venue:**  Venue is proper in this court pursuant to 28 U.S.C. §1391(b) and is

5  founded on the facts that the real property which is the subject of this action is located at/near

6  605 Rohnert Park Express, in the City of Rohnert Park, County of Sonoma, State of California,

7  and that plaintiffs' causes of action arose in this county.

8  **PARTIES:**

9      5.   Plaintiff IRMA RAMIREZ is a "physically handicapped person", a "physically

10  disabled person", and a "person with physical disabilities" (hereinafter the terms "physically

11  disabled", "physically handicapped" and "person with physical disabilities" are used

12  interchangeably, as these words have similar or identical common usage and legal meaning, but

13  the legislative scheme in Part 5.5 of the Health & Safety Code uses the term "physically

14  handicapped persons" and the Unruh Civil Rights Act, §§51, 51.5, 54, 54.1 and 55, and other

15  statutory measures refer to protection of the rights of "physically disabled persons"). Plaintiff

16  IRMA RAMIREZ suffers from Post-Polio syndrome. Plaintiff relies on crutches and/or a

17  wheelchair as her ambulance. Plaintiff IRMA RAMIREZ is a "person with physical disabilities",

18  as defined by all applicable California and United States laws. Consequently, plaintiff IRMA

19  RAMIREZ is a member of that portion of the public whose rights are protected by the provisions

20  of Health & Safety Code §19955, *et seq.* (entitled "Access to Public Accommodations by

21  Physically Handicapped Persons") and the protections of the Unruh Civil Rights Act, Civil Code

22  §§51 and 51.5 the Disabled Persons Act, Civil Code §54, and the Americans with Disabilities

23  Act, 42 U.S.C. §12101, *et seq.*

24      6.   Plaintiff DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:

25  HELPING YOU HELP OTHERS ("DREES") is a nonprofit (501(c)(3)) organization that works

26  with persons with disabilities to empower them to be independent in American society. DREES

27  accomplishes its goals and purposes through education on disability issues, enforcement of the

28  rights of persons with disabilities, and the provision of services to persons with disabilities, the

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

3

1  general public, public agencies and the private business sector. DREES brings this action on

2  behalf of its members, many of whom are persons with physical disabilities and whom have

3  standing in their right to bring this action.

4      7.    That members of DREES, like plaintiff IRMA RAMIREZ, will or have been

5  guests and invitees at the subject FOODMAXX #468, and that the interests of plaintiff DREES

6  in removing architectural barriers at the subject grocery store advance the purposes of DREES to

7  assure that all public accommodations, including the subject FOODMAXX #468, are accessible

8  to independent use by mobility-impaired persons. The relief sought by plaintiff DREES as

9  alleged herein is purely statutory in nature.

10      8.    Defendants EXPRESSWAY PARTNERS, LLC, a limited liability company; and

11  SAVE MART SUPERMARKETS(hereinafter alternatively collectively referred to as

12  "defendants") are the owners and operators, lessors and/or lessees, or agents of the owners,

13  lessors and/or lessees, of the public accommodation known as FOODMAXX #468, located

14  at/near , California, or of the building and/or buildings which constitute said public

15  accommodation.

16      9.    At all times relevant to this complaint, defendants EXPRESSWAY PARTNERS,

17  LLC, a limited liability company; and SAVE MART SUPERMARKETS, own and operate in

18  joint venture the subject FOODMAXX #468 as a public accommodation. This business is open

19  to the general public and conducts business therein. The business is a "public accommodation"

20  or "public facility" subject to the requirements of California Civil Code §§51, 51.5 and 54, *et*

21  *seq.,* Health and Safety code §19955, *et seq.,* and the ADA, 42 U.S.C. §12101, *et seq.*

22      10.    At all times relevant to this complaint, defendants EXPRESSWAY PARTNERS,

23  LLC, a limited liability company; and SAVE MART SUPERMARKETS are jointly and

24  ///

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

4

1  severally responsible to identify and remove architectural barriers at the subject FOODMAXX

2  #468 pursuant to Code of Federal Regulations title 28, section 36.201(b), which states in

3  pertinent part:

**§ 36.201    General**

(b) *Landlord and tenant responsibilities.* Both the landlord
who owns the building that houses a place of public
accommodation and the tenant who owns or operates the place of
public accommodation are public accommodations subject to the
requirements of this part.  As between the parties, allocation of
responsibility for complying with the obligations of this part may
be determined by lease or other contract.

28 CFR §36.201(b)

10  **PRELIMINARY FACTUAL ALLEGATIONS:**

11      11.    The FOODMAXX #468, is a grocery store, located at/near 605 Rohnert Park

12  Express, Rohnert Park, California.  The FOODMAXX #468, its parking, produce bins and its

13  other facilities are each a "place of public accommodation or facility" subject to the barrier

14  removal requirements of the Americans with Disabilities Act.  On information and belief, each

15  such facility has, since July 1, 1970, undergone "alterations, structural repairs and additions",

16  each of which has subjected the grocery store and each of its facilities, its parking and produce

17  bins to disability access requirements per the Americans with Disabilities Act Accessibility

18  Guidelines (ADAAG), and Title 24 of the California Code of regulations (Title 24).

19      12.    At all times stated herein, plaintiff IRMA RAMIREZ was a member of DREES.

20      13.    At all times referred to herein and continuing to the present time, defendants, and

21  each of them, advertised, publicized and held out the FOODMAXX #468 as being handicapped

22  accessible and handicapped usable.

23      14.    On or about December 22, 2006 June 28, 2007, July 13, 2007 and November 9,

24  2007, plaintiff IRMA RAMIREZ was an invitee and guest at the subject FOODMAXX 468, for

25  purposes of food, beverage, produce, sundries and the like.

26      15.    On or about December 22, 2006 June 28, 2007, July 13, 2007 and November 9,

27  2007, plaintiff IRMA RAMIREZ had difficulties with the parking for the disabled.  The

28  international symbols for parking were obscured, or otherwise faded so as not to be effective and

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

5

1  therefore, non complaint. This adversely affected plaintiffs' ability to find parking for the

2  disabled.

3       16.    On or about December 22, 2006 June 28, 2007, July 13, 2007 and November 9,

4  2007, plaintiff IRMA RAMIREZ shopped at the subject FOODMAXX #468.

5  Plaintiff IRMA RAMIREZ desired to purchase produce (i.e., apples, oranges, egg plants,

6  zucchini, melons and the like) which are placed in high bins and stacked upon one another,

7  somewhat like a chopped off pyramid. On each occasion that plaintiff IRMA RAMIREZ would

8  independently select and pull a piece of produce, others would tumble from the bin.

9  Furthermore, the existing bin system prevented plaintiff IRMA RAMIREZ from the opportunity

10  of making the same selections as able bodied persons.

11       17.    On or about February 14, 2007, plaintiff IRMA RAMIREZ wrote the landlord and

12  the manager of FOODMAXX 648 about the parking and bin issues. Plaintiff IRMA RAMIREZ

13  never received a response.

14       18.    Therefore, at said time(s) and place, plaintiff IRMA RAMIREZ, a person with a

15  disability, encountered the following inaccessible elements of the subject FOODMAXX #468

16  which constituted architectural barriers and a denial of the proper and legally-required access to a

17  public accommodation to persons with physical disabilities including, but not limited to:

18            a.    lack of the requisite type and number of disabled parking stall(s);

19            b.    lack of accessible produce bins;

20            c.    On personal knowledge, information and belief, other public facilities and

21                elements too numerous to list were improperly inaccessible for use by persons with physical disabilities.

22       19.    At all times stated herein, the existence of architectural barriers at defendants'

23  place of public accommodation evidenced "actual notice" of defendants' intent not to comply

24  with the Americans with Disabilities Act of 1990 either then, now or in the future.

25       20.    On or about February 14, 2007, the landlord and manager of FOODMAXX #648

26  were sent two (2) letters by or on behalf of plaintiff IRMA RAMIREZ advising of the existence of

27  architectural barriers, requesting a response within 14 days and requesting remedial measures be

28  undertaken within 90 days or an explanation of why the time limit set could not be met and/or

1  extenuating circumstances.  Said letters are attached hereto collectively as exhibit "A" and
2  incorporated by reference as though fully set forth herein.  Defendants' failure to respond
3  evidenced an intent not to seek or engage in an early and reasonable resolution of the matter.

4      21.    At all times stated herein, defendants, and each of them, did not act as reasonable
5  and prudent landlord/tenant and were "negligent per se" or at a minimum negligent for not
6  removing architectural barriers that would foreseeably prevent plaintiff IRMA RAMIREZ from
7  receiving the same goods and services as able bodied people and some of which may and did pose
8  a threat of harm and/or personal injury to people with disabilities.  Therefore as a legal result of
9  defendants breach of duty to remove those barriers encountered by plaintiff, plaintiff suffered
10  bodily injury.

11      22.    As a legal result of defendants EXPRESSWAY PARTNERS, LLC, a limited
12  liability company; and SAVE MART SUPERMARKETS's failure to act as a reasonable and
13  prudent public accommodation in identifying, removing or creating architectural barriers, policies,
14  practices and procedures that denied access to plaintiffs and other persons with disabilities,
15  plaintiffs suffered the damages as alleged herein.

16      23.    As a further legal result of the actions and failure to act of defendants, and as a
17  legal result of the failure to provide proper handicapped-accessible public facilities as set forth
18  herein, plaintiffs were denied their civil rights to full and equal access to public facilities. Plaintiff
19  IRMA RAMIREZ suffered a loss of his civil rights and his rights as a person with physical
20  disabilities to full and equal access to public facilities, and further suffered bodily injury on two
21  (2) of the four occasions which took place on or about December 22, 2006 June 28, 2007 , July
22  13, 2007 and November 9, 2007, including, but not limited to, fatigue, stress, strain and pain in
23  wheeling and attempting to and/or transferring up, on, down, to, over, around and through
24  architectural barriers.  Specifically, as a legal result of defendants negligence in the design,
25  construction and maintenance of the existing produce bins, plaintiff suffered continuous,
26  repetitive and cumulative trauma to her upper extremities and strain to her abdominal muscles
27  while attempting to remove produce form the bins.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

7

1    24.    Further, plaintiff IRMA RAMIREZ suffered emotional distress, mental distress,
2 mental suffering, mental anguish, which includes, but is not limited to, shame, humiliation,
3 embarrassment, anger, disappointment and worry, expectedly and naturally associated with a
4 person with physical disabilities being denied access, all to his damages as prayed hereinafter in
5 an amount within the jurisdiction of this court. No claim is being made for mental and emotional
6 distress over and above that usually associated with the discrimination and physical injuries
7 claimed, and no expert testimony regarding this usual mental and emotional distress will be
8 presented at trial in support of the claim for damages.

9    25.    Defendants', and each of their, failure to remove the architectural barriers
10 complained of herein created, at the time of plaintiff IRMA RAMIREZ's first visit to said public
11 accommodation, and continues to create continuous and repeated exposure to substantially the
12 same general harmful conditions which caused plaintiff IRMA RAMIREZ harm as stated herein.

13    26.    Plaintiff IRMA RAMIREZ and the membership of DREES were denied their
14 rights to equal access to a public facility by defendants EXPRESSWAY PARTNERS, LLC, a
15 limited liability company and SAVE MART SUPERMARKETS, because defendants
16 EXPRESSWAY PARTNERS, LLC, a limited liability company and SAVE MART
17 SUPERMARKETS maintained a grocery store without access for persons with physical
18 disabilities to its facilities, including but not limited to parking, produce bins and other public
19 areas as stated herein, and continue to the date of filing this complaint to deny equal access to
20 plaintiffs and other persons with physical disabilities in these and other ways.

21    27.    On information and belief, construction alterations carried out by defendants have
22 also triggered access requirements under both California law and the Americans with Disabilities
23 Act of 1990.

24    28.    Plaintiffs, as described hereinbelow, seek injunctive relief to require the
25 FOODMAXX #468 to be made accessible to meet the requirements of both California law and the
26 Americans with Disabilities Act of 1990, whichever is more restrictive, so long as defendants
27 operate the grocery store as a public facility.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    29.    Plaintiffs seek damages for violation of their civil rights on December 22, 2006

2    June 28, 2007, July 13, 2007 and November 9, 2007 and they seek statutory damages of not less

3    than $4,000, pursuant to Civil Code §52(a) or alternatively $1000 pursuant to Civil Code §54.3,

4    for each day after her visit that the trier of fact (court/jury) determines was the date that some or

5    all remedial work should have been completed under the standard that the landlord and tenant had

6    an ongoing duty to identify and remove architectural barriers where it was readily achievable to do

7    so, which deterred plaintiff IRMA RAMIREZ from returning to the subject public

8    accommodation because of her knowledge and/or belief that neither some or all architectural

9    barriers had been removed and that said premises remains inaccessible to persons with disabilities

10   whether a wheelchair user or otherwise.

11    30.    On information and belief, defendants have been negligent in their affirmative duty

12   to identify the architectural barriers complained of herein and negligent in the removal of some or

13   all of said barriers.

14    31.    Because of defendants' violations, plaintiffs and other persons with physical

15   disabilities are unable to use public facilities such as those owned and operated by defendants on a

16   "full and equal" basis unless such facility is in compliance with the provisions of the Americans

17   with Disabilities Act of 1990, Civil Code §54.1 and Health & Safety Code §19955, *et seq.* and

18   other accessibility law as plead herein.  Plaintiffs seek an order from this court compelling

19   defendants to make the subject grocery store accessible to persons with disabilities.

20    32.    On information and belief, defendants have intentionally undertaken to modify and

21   alter existing building(s), and have failed to make them comply with accessibility requirements

22   under the requirements of ADAAG and Title 24.  The acts and omission of defendants, and each

23   of them, in failing to provide the required accessible public facilities at

24   the time of plaintiff's visit and injuries, indicate actual and implied malice toward plaintiffs, and

25   despicable conduct carried out by defendants, and each of them, with a willful and conscious

26   disregard for the rights and safety of plaintiffs and other similarly situated persons, and justify a

27   trebling of damages as provided by Civil Code §§52(a) and 54.3, in order to make a more

28   profound example of defendants, and each of them, to other operators of other grocery chains and

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

9

1 | other public facilities, and to punish defendants and to carry out the purposes of the Civil Code
2 | §§ 51, 51.5 and 54.

3 | 33. Plaintiffs are informed and believe and therefore allege that defendants
4 | EXPRESSWAY PARTNERS, LLC, a limited liability company; and

5 | SAVE MART SUPERMARKETS, and each of them, caused the subject building(s) which
6 | constitute the subject FOODMAXX #468 to be constructed, altered and maintained in such a
7 | manner that persons with physical disabilities were denied full and equal access to, within and
8 | throughout said building(s) of the grocery store and were denied full and equal use of said public
9 | facilities. Furthermore, on information and belief, defendants have continued to maintain and
10 | operate said store and/or its building(s) in such conditions up to the present time, despite actual
11 | and constructive notice to such defendants that the configuration of said store and/or its
12 | building(s) is in violation of the civil rights of persons with physical disabilities, such as plaintiff
13 | IRMA RAMIREZ, the membership of plaintiff DREES and the disability community which
14 | DREES serves. Such construction, modification, ownership, operation, maintenance and
15 | practices of such public facilities are in violation of Civil Code §§51, 51.5 and 54, Health and
16 | Safety Code §19955, and the ADA, 42 U.S.C. §12101, *et seq.*

17 | 34. On personal knowledge, information and belief, the basis of defendants' actual and
18 | constructive notice that the physical configuration of the facilities including, but not limited to,
19 | architectural barriers constituting the FOODMAXX #468 and/or building(s) was in violation of
20 | the civil rights of persons with physical disabilities, such as plaintiffs, includes, but is not limited
21 | to, communications with invitees and guests, plaintiff IRMA RAMIREZ herself, owners of other
22 | businesses, notices they obtained from governmental agencies upon modification, improvement,
23 | or substantial repair of the subject premises and other properties owned by these defendants,
24 | newspaper articles and trade publications regarding the Americans with Disabilities Act of 1990
25 | and other access laws, public service announcements by former U.S. Attorney General Janet Reno
26 | between 1993 and 2000, and other similar information. Defendants' failure, under state and
27 | federal law, to make the FOODMAXX #468 accessible is further evidence of defendants'
28 | conscious disregard for the rights of plaintiff and other similarly situated persons with disabilities.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

10

1  Despite being informed of such effect on plaintiff and other persons with physical disabilities due

2  to the lack of accessible facilities, defendants, and each of them, knowingly and willfully refused

3  to take any steps to rectify the situation and to provide full and equal access for plaintiffs and

4  other persons with physical disabilities to the FOODMAXX #468. Said defendants, and each of

5  them, have continued such practices, in conscious disregard for the rights of plaintiffs and other

6  persons with physical disabilities, up to the date of filing of this complaint, and continuing

7  thereon. Defendants had further actual knowledge of the architectural barriers referred to herein

8  by virtue of the demand letter addressed to the defendants and served concurrently with the

9  summons and complaint. Said conduct, with knowledge of the effect it was and is having on

10  plaintiffs and other persons with physical disabilities, constitutes despicable conduct in conscious

11  disregard of the rights and safety of plaintiffs and of other similarly situated persons, justifying the

12  imposition of treble damages per Civil Code §§52 and 54.3.

13      35.    Plaintiff IRMA RAMIREZ and plaintiff DREES, on behalf of its membership and

14  the disability community which it serves, consisting of persons with disabilities, would, could and

15  will return to the subject public accommodation when it is made accessible to persons with

16  disabilities.

17  **I.    FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC
    ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**

18  **DISABILITIES ACT OF 1990 (42 U.S.C. §12101, *et seq.*)**
    (On behalf of Plaintiffs IRMA RAMIREZ and DISABILITY RIGHTS ENFORCEMENT,

19      EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit
    corporation and Against Defendants EXPRESSWAY PARTNERS, LLC, a limited

20      liability company and SAVE MART SUPERMARKETS, inclusive)
    (42 U.S.C. §12101, *et seq.*)

21

22      36.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

allegations contained in paragraphs 1 through 35 of this complaint.

23  ///

24  ///

25  ///

26  ///

27  ///

28

37.     Pursuant to law, in 1990, the United States Congress made findings per 42 U.S.C.

§12101 regarding persons with physical disabilities, finding that laws were needed to more fully

protect:

> some 43 million Americans with one or more physical or mental
> disabilities; [that] historically society has tended to isolate and
> segregate individuals with disabilities; [that] such forms of
> discrimination against individuals with disabilities continue to be a
> serious and pervasive social problem; [that] the nation's proper
> goals regarding individuals with disabilities are to assure equality of
> opportunity, full participation, independent living and economic
> self-sufficiency for such individuals; [and that] the continuing
> existence of unfair and unnecessary discrimination and prejudice
> denies people with disabilities the opportunity to compete on an
> equal basis and to pursue those opportunities for which our free
> society is justifiably famous.

38.     Congress stated as its purpose in passing the Americans with Disabilities Act of

1990 (42 U.S.C. §12102):

> It is the purpose of this act (1) to provide a clear and comprehensive
> national mandate for the elimination of discrimination against
> individuals with disabilities; (2) to provide clear, strong, consistent,
> enforceable standards addressing discrimination against individuals
> with disabilities; (3) to ensure that the Federal government plays a
> central role in enforcing the standards established in this act on
> behalf of individuals with disabilities; and (4) to invoke the sweep
> of Congressional authority, including the power to enforce the 14th
> Amendment and to regulate commerce, in order to address the
> major areas of discrimination faced day to day by people with
> disabilities.

39.     As part of the Americans with Disabilities Act of 1990, Public Law 101-336

(hereinafter the "ADA"), Congress passed "Title III - Public Accommodations and Services

Operated by Private Entities" (Section 301 42 U.S.C. §12181, *et seq.*). Among the public

accommodations identified for purposes of this title was:

> (7)     PUBLIC ACCOMMODATION - The following private
> entities are considered public accommodations for purposes of this
> title, if the operations of such entities affect commerce -
> ---
> (E) a bakery, grocery store, clothing store, hardware store, shopping center,
> or other sales or rental establishment.

42 U.S.C. §12181(7)(E)

///

///

40.    Pursuant to §302, 42 U.S.C. §12182, "No individual shall be discriminated against on the basis of disability in the full and equal enjoyment of the goods, services, facilities, privileges, advantages, or accommodations of any place of public accommodation by any person who owns, leases, or leases to, or operates a place of public accommodation".

41.    The specific prohibitions against discrimination set forth in §302(b)(2)(a), 42 U.S.C. §12182(b)(2)(a) are:

(I)    the imposition or application of eligibility criteria that screen out or tend to screen out an individual with a disability or any class of individuals with disabilities from fully and equally enjoying any goods, services, facilities, privileges, advantages, or accommodations, unless such criteria can be shown to be necessary for the provision of the goods, services, facilities, privileges, advantages, or accommodations being offered;

(ii)    a failure to make reasonable modifications in policies, practices, or procedures, when such modifications are necessary to afford such goods, services, facilities, privileges, advantages or accommodations to individuals with disabilities, unless the entity can demonstrate that making such modifications would fundamentally alter the nature of such goods, services, facilities, privileges, advantages, or accommodations;

(iii)    a failure to take such steps as may be necessary to ensure that no individual with a disability is excluded, denied services, segregated or otherwise treated differently than other individuals because of the absence of auxiliary aids and services, unless the entity can demonstrate that taking such steps would fundamentally alter the nature of the good, service, facility, privilege, advantage, or accommodation being offered or would result in an undue burden;

(iv)    a failure to remove architectural barriers, and communication barriers that are structural in nature, in existing facilities . . . where such removal is readily achievable; and

(v)    where an entity can demonstrate that the removal of a barrier under clause (iv) is not readily achievable, a failure to make such goods, services, facilities, privileges, advantages or accommodations available through alternative methods if such methods are readily achievable.

The acts of defendants set forth herein were a violation of plaintiffs' rights under the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, *et seq.* - Effective January 31, 1993, the standards of the ADA were also incorporated into California Civil Code §51, making available the damage remedies incorporated into Civil Code §51 and 52(a) and 54.3.

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1    42.    The removal of the barriers complained of by plaintiffs as hereinabove alleged was
2    at all times after January 26, 1992 "readily achievable" as to the subject building(s) of
3    FOODMAXX #468 pursuant to 42 U.S.C. §12182 (b)(2)(A)(i)-(iv).  On information and belief, if
4    the removal of all the barriers complained of herein together was not "readily achievable," the
5    removal of each individual barrier complained of herein was "readily achievable."  On
6    information and belief, defendants' failure to remove said barriers was likewise due to
7    discriminatory practices, procedures and eligibility criteria, as defined by 42 U.S.C. §12182
8    (b)(2)(A)(i)and (ii).

9    43.    Per 42 U.S.C. §12181 (9), the term "readily achievable" means "easily
10   accomplishable and able to be carried out without much difficulty or expense."  The statute
11   defines relative "expense" in part in relation to the total financial resources of the entities
12   involved.  Plaintiffs allege that properly repairing, modifying, or altering each of the items that
13   plaintiffs complain of herein were and are "readily achievable" by the defendants under the
14   standards set forth under §301(9) of the Americans with Disabilities Act.  Furthermore, if it was
15   not "readily achievable" for defendants to remove each of such barriers, defendants have failed to
16   make the required services available through alternative methods which were readily achievable.

17   44.    On information and belief, construction work on, and modifications of, the subject
18   building(s) of FOODMAXX #468 occurred after the compliance date for the Americans with
19   Disabilities Act, January 26, 1992, independently triggering access requirements under Title III of
20   the ADA.

21   45.    Pursuant to the Americans with Disabilities Act of 1990, 42 U.S.C. §12188, *et*
22   *seq.*, plaintiffs are entitled to the remedies and procedures set forth in §204(a) of the Civil Rights
23   Act of 1964, 42 U.S.C. 2000(a)-3(a), as plaintiffs are being subjected to discrimination on the
24   basis of disability in violation of this title or have reasonable grounds for believing that plaintiffs
25   are about to be subjected to discrimination in violation of §302.  Plaintiffs are deterred from
26   returning to or making use of the public facilities complained of herein so long as the premises
27   and defendants' policies bar full and equal use by persons with physical disabilities.

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

14

1    46.    42 U.S.C. 12188 (a)(1) states: "Nothing in this section shall require a person with a

2 disability to engage in a futile gesture if such person has actual notice that a person or

3 organization covered by this title does not intend to comply with its provisions". Pursuant to this

4 section, plaintiff IRMA RAMIREZ has not returned to defendants' premises since on or about

5 November 9, 2007, but on information and belief, alleges that defendants have continued to

6 violate the law and deny the rights of plaintiffs and of other persons with physical disabilities to

7 access this public accommodation.  Pursuant to 42 USC §12188(a)(2), "In cases of violations of

8 §302(b)(2)(A)(iv) . . . injunctive relief shall include an order to alter facilities to make such

9 facilities readily accessible to and usable by individuals with disabilities to the extent required by

10 this title".

11    47.    Plaintiffs seek relief pursuant to remedies set forth in §204(a) of the Civil Rights

12 Act of 1964 (42 U.S.C. 2000(a)-3(a)), and pursuant to federal regulations adopted to implement

13 the Americans with Disabilities Act of 1990, including but not limited to an order granting

14 injunctive relief and attorneys' fees.  Plaintiffs will seek attorneys' fees conditioned upon being

15 deemed to be the prevailing party.

16    Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

17 **II.    SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS
        IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
18      (On Behalf of Plaintiffs IRMA RAMIREZ and DISABILITY RIGHTS,
        ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
19      California public benefit corporation, and Against Defendants EXPRESSWAY
        PARTNERS, LLC, a limited liability company and SAVE MART SUPERMARKETS,
20      inclusive)
        (California Civil Code §§54, 54.1, 54.3, *et seq.)*
21
        48.    Plaintiffs replead and incorporate by reference as if fully set forth again herein, the
22
   allegations contained in paragraphs 1 through 47 of this complaint.
23
   ///
24
   ///
25
   ///
26
   ///
27
   ///
28

49.    At all times relevant to this action, California Civil Code §54 has provided that persons with physical disabilities are not to be discriminated against because of physical handicap or disability.  This section provides that:

> (a) Individuals with disabilities . . . have the same rights as the general public to full and free use of the streets, highways, sidewalks, walkways, public buildings, medical facilities, including hospitals, clinics, and physicians' offices, and other public places.

50.    California Civil Code §54.1 provides that persons with disabilities shall not be denied full and equal access to places of public accommodation or facilities:

> (a)(1) Individuals with disabilities shall be entitled to full and equal access, as other members of the general public, to accommodations, advantages, facilities, medical facilities, including hospitals, clinics, and physicians' offices, and privileges of all common carriers, airplanes, motor vehicles, railroad trains, motorbuses, streetcars, boats, or any other public conveyances or modes of transportation (whether private, public, franchised, licensed, contracted, or otherwise provided), telephone facilities, adoption agencies, private schools, hotels, lodging places, places of public accommodation, amusement or resort, and other places to which the general public is invited, subject only to the conditions and limitations established by law, or state or federal regulation, and applicable alike to all persons.

Civil Code §54.1(a)(1)

51.    California Civil Code §54.1 further provides that a violation of the Americans with Disabilities Act of 1990 constitutes a violation of section 54.1:

> (d) A violation of the right of an individual under the Americans with Disabilities Act of 1990 (Public Law 101-336) also constitutes a violation of this section, and nothing in this section shall be construed to limit the access of any person in violation of that act.

Civil Code §54.1(d)

52.    Plaintiff IRMA RAMIREZ and the membership of plaintiff DREES are persons within the meaning of Civil Code §54.1 whose rights have been infringed upon and violated by the defendants, and each of them, as prescribed by Civil Code §§54 and 54.1.  Each specific architectural barrier which defendants knowingly and willfully fail and refuse to remove constitutes a separate act in violation of Civil Code §§54 and 54.1.  Plaintiffs have been and continue to be denied full and equal access to defendants' FOODMAXX #468.  As a legal result,

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

16

1  plaintiffs are entitled to seek damages pursuant to a court or jury determination, in accordance

2  with California Civil Code §54.3(a) for each day on which they visited or have been deterred from

3  visiting the FOODMAX #468 because of their knowledge and belief that the store is inaccessible

4  to persons with disabilities. California Civil Code §54.3(a) provides:

5          Any person or persons, firm or corporation, who denies or interferes
           with admittance to or enjoyment of the public facilities as specified
6          in Sections 54 and 54.1 or otherwise interferes with the rights of an
           individual with a disability under Sections 54, 54.1 and 54.2 is
7          liable for each offense for the actual damages and any amount as
           may be determined by a jury, or the court sitting without a jury, up
8          to a maximum of three times the amount of actual damages but in
           no case less than . . .one thousand dollars ($1,000) and . . .
9          attorney's fees as may be determined by the court in addition
           thereto, suffered by any person denied any of the rights provided in
10         Sections 54, 54.1 and 54.2.

11         Civil Code §54.3(a)

12         53.    On or about December 22, 2006 June 28, 2007, July 13, 2007 and November 9,

13  2007, plaintiff IRMA RAMIREZ suffered violations of Civil Code §§54 and 54.1 in that plaintiff

14  IRMA RAMIREZ was denied access to its parking, the produce bins and other public facilities as

15  stated herein at the FOODMAXX #468 and on the basis that plaintiff IRMA RAMIREZ was a

16  person with physical disabilities.

17         54.    As a result of the denial of equal access to defendants' facilities due to the acts and

18  omissions of defendants, and each of them, in owning, operating and maintaining these subject

19  public facilities, plaintiffs suffered violations of plaintiffs' civil rights, including but not limited to

20  rights under Civil Code §§54, 54.1 and 54.3, and plaintiff IRMA RAMIREZ suffered physical

21  discomfort, bodily injury on two of the four occasions on or about December 22, 2006 June 28,

22  2007, July 13, 2007 and November 9, 2007, including, but not limited to, fatigue, stress, strain

23  and pain in wheeling and attempting to and/or transferring up, on, down, to, over, around and

24  through architectural barriers. Specifically, as a legal result of defendants negligence in the

25  design, construction and maintenance of the existing produce bins, plaintiff IRMA RAMIREZ

26  suffered continuous, repetitive and cumulative trauma to her upper extremities while attempting to

27  remove produce and stress and strain to her abdominal muscles.

28

1    55.    Further, plaintiff IRMA RAMIREZ suffered mental distress, mental suffering,
2  mental anguish, which includes shame, humiliation, embarrassment, frustration, anger,
3  disappointment and worry, all of which are expectedly and naturally associated with a denial of
4  access to a person with physical disabilities, all to plaintiff's damages as hereinafter stated.
5  Defendants' actions and omissions to act constituted discrimination against plaintiff on the sole
6  basis that plaintiffs are persons or an entity that represents persons with physical disabilities and
7  unable, because of the architectural barriers created and maintained by the defendants in violation
8  of the subject laws, to use the public facilities hereinabove described on a full and equal basis as
9  other persons.

10    56.    Plaintiffs have been damaged by defendants', and each of their, wrongful conduct
11  and seeks the relief that is afforded by Civil Code §§54 and 54.1, 54.3 and 55 for violation of
12  plaintiffs' rights as persons or an entity that represents persons with physical disabilities on or
13  about December 22, 2006 June 28, 2007, July 13, 2007 and November 9, 2007 and on a
14  continuing basis since then, including statutory damages, a trebling of all of actual damages,
15  general and special damages available pursuant to §54.3 of the Civil Code according to proof.

16    57.    As a result of defendants', and each of their, acts and omissions in this regard,
17  plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce
18  plaintiffs' rights and enforce the provisions of the law protecting access for persons with physical
19  disabilities and prohibiting discrimination against persons with physical disabilities. Pursuant to
20  the provisions of Civil Code §54.3 and §55, plaintiffs therefore will seek recovery in this lawsuit
21  for all reasonable attorneys' fees and costs incurred if deemed the prevailing party. Additionally,
22  plaintiffs' lawsuit is intended not only to obtain compensation for damages to plaintiffs, but also
23  to compel the defendants to make their facilities accessible to all members of the public with
24  disabilities, justifying public interest attorneys' fees, if deemed the prevailing party, pursuant to
25  the provisions of §1021.5 of the Code of Civil Procedure.

26  ///
27  ///
28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

18

1    Wherefore, plaintiffs pray for relief and damages as hereinafter stated.

2 | **III.    THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE §19955, *ET. SEQ.***
3 | (On Behalf of Plaintiffs IRMA RAMIREZ and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a
4 | California public benefit corporation and Against Defendants EXPRESSWAY PARTNERS, LLC, a limited liability company and SAVE MART SUPERMARKETS
5 | inclusive)
(Health & Safety Code §19955, *et seq.*)

6

7    58.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

allegations contained in paragraphs 1 through 57 of this complaint.
8

9    59.    Health & Safety Code §19955 provides in pertinent part:

10    The purpose of this part is to insure that public accommodations or facilities constructed in this state with private funds adhere to the
provisions of Chapter 7 (commencing with Sec. 4450) of Division 5
11    of Title 1 of the Government Code. For the purposes of this part
"public accommodation or facilities" means a building, structure,
12    facility, complex, or improved area which is used by the general
public and shall include auditoriums, hospitals, theaters, restaurants,
13    hotels, motels, stadiums, and convention centers. When sanitary
facilities are made available for the public, clients or employees in
14    such accommodations or facilities, they shall be made available for
the handicapped.

15
16    60.    Health & Safety Code §19956, which appears in the same chapter as §19955,

provides in pertinent part, "accommodations constructed in this state shall conform to the
17
provisions of Chapter 7 (commencing with Sec. 4450) of Division 5 of Title 1 of the Government
18
Code . . . ." Health & Safety Code §19956 was operative July 1, 1970, and is applicable to all
19
public accommodations constructed or altered after that date. On information and belief, portions
20
of the FOODMAXX #468 and/or of the building(s) were constructed and/or altered after July 1,
21
1970, and substantial portions of the subject store and/or the building(s) had alterations, structural
22
repairs, and/or additions made to such public accommodations after July 1, 1970, thereby
23
requiring said FOODMAXX #468 and/or building to be subject to the requirements of Part 5.5,
24
§19955, *et seq.*, of the Health & Safety Code upon such alteration, structural repairs or additions
25
per Health & Safety Code §19959.
26

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

19

1    61.    Pursuant to the authority delegated by Government Code §4450, *et seq*, the State

2 Architect promulgated regulations for the enforcement of these provisions. Effective July 1,

3 1982, Title 24 of the California Building Standards Code adopted the California State Architect's

4 Regulations and these regulations must be complied with as to any alterations and/or

5 modifications of FOODMAXX #468 and/or the building(s) occurring after that date.

6 Construction changes occurring prior to this date but after July 1, 1970 triggered access

7 requirements pursuant to the "ASA" requirements, the American Standards Association

8 Specifications, A117.1-1961.  On information and belief, at the time of the construction and

9 modification of said building, all buildings and facilities covered were required to conform to

10 each of the standards and specifications described in the American Standards Association

11 Specifications and/or those contained in Title 24 of the California Building Standards Code.

12    62.    Grocery Stores such as the FOODMAXX #468 are "public accommodations or

13 facilities" within the meaning of Health & Safety Code §19955, *et seq*.

14    63.    As a result of the actions and failure to act of defendants, and as a result of the

15 failure to provide proper and legally handicapped-accessible public facilities, plaintiffs were

16 denied plaintiffs' rights to full and equal access to public facilities and suffered a loss of plaintiffs'

17 civil rights and plaintiffs' rights as persons with physical disabilities to full and equal access to

18 public facilities.

19    64.    Attorneys' Fees -- As a result of defendants' acts and omissions in this regard,

20 plaintiffs have been required to incur legal expenses and hire attorneys in order to enforce

21 plaintiffs' civil rights and enforce provisions of the law protecting access for the persons with

22 physical disabilities and prohibiting discrimination against the persons with physical disabilities,

23 and to take such action both in plaintiffs' own interests and in order to enforce an important right

24 affecting the public interest.  Plaintiffs, therefore, seek in this lawsuit the recovery of all

25 reasonable attorneys' fees incurred, pursuant to the provisions of the Code of Civil Procedure

26 §1021.5.  Plaintiffs additionally seek attorneys' fees pursuant to Health & Safety Code §19953

27 and Civil Code §§54.3 and 55 and/or in the alternative, plaintiffs will seek attorneys' fees, costs

28 and litigation expenses pursuant to §204(a) of the Civil Rights Act of 1964 (42 U.S.C. 200(a)-

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1   3(a)).  Plaintiffs will seek attorneys' fees conditioned upon being deemed to be the prevailing

2   party.

3        65.    Plaintiffs seek injunctive relief for an order compelling defendants, and each of

4   them, to make the subject place of public accommodation readily accessible to and usable by

5   persons with disabilities.

6        Wherefore, plaintiffs pray for damages and relief as hereinafter stated.

7   **IV.    FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND
           EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES**

8   **AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, *ET
           SEQ.* (THE UNRUH CIVIL RIGHTS ACT)**

9   (On Behalf of Plaintiffs IRMA RAMIREZ and DISABILITY RIGHTS,
    ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a

10  California public benefit corporation, and Against Defendants EXPRESSWAY
    PARTNERS, LLC, a limited liability company and SAVE MART SUPERMARKETS,

11  inclusive)
    (Civil Code §51, 51.5)

12
    66.    Plaintiffs replead and incorporate by reference, as if fully set forth again herein, the

13
    allegations contained in paragraphs 1 through 65 of this complaint.

14
    67.    Defendants' actions and omissions and failure to act as a reasonable and prudent

15
    public accommodation in identifying, removing and/or creating architectural barriers, policies,

16
    practices and/or procedures violates §51 of the Civil Code, the Unruh Civil Rights Act.  The

17
    Unruh Act provides:

18
               This section shall be known, and may be cited, as the Unruh

19             Civil Rights Act.

20             All persons within the jurisdiction of this state are free and
               equal, and no matter what their sex, race, color, religion, ancestry,

21             national origin, or **disability** are entitled to the full and equal
               accommodations, advantages, facilities, privileges, or services in all

22             business establishments of every kind whatsoever.

23             This section shall not be construed to confer any right or
               privilege on a person that is conditioned or limited by law or that is

24             applicable alike to persons of every sex, color, race, religion,
               ancestry, national origin, or **disability.**

25  ///

26  ///

27  ///

28  ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1

Nothing in this section shall be construed to require any
construction, alteration, repair, structural or otherwise, or

2

modification of any sort whatsoever, beyond that construction,
alteration, repair, or modification that is otherwise required by other

3

provisions of law, to any new or existing establishment, facility,
building, improvement, or any other structure . . . nor shall anything

4

in this section be construed to augment, restrict, or alter in any way
the authority of the State Architect to require construction,

5

alteration, repair, or modifications that the State Architect otherwise
possesses pursuant to other . . . laws.

6

7

A violation of the right of any individual under the
Americans with Disabilities Act of 1990 (Public Law 101-336) shall
also constitute a violation of this section.

8

As the Unruh Act incorporates violations of the Americans with Disabilities Act of 1990, the

9

"intent" of the defendants in not complying with barrier removal is not an issue. Hence, the

10

failure on the parts of defendants, as reasonable and prudent public accommodations, in acting or

11

failing to act to identify and remove barriers can be construed as a "negligent per se" act of

12

defendants, and each of them.

13

    68.    The acts and omissions of defendants stated herein are discriminatory in nature and

14

in violation of Civil Code §51.5:

15

16

No business establishment of any kind whatsoever shall
discriminate against, boycott or blacklist, refuse to buy from, sell to,
or trade with any person in this state because of the race, creed,

17

religion, color, national origin, sex, or **disability** of the person or of
the person's partners, members, stockholders, directors, officers,

18

managers, superintendents, agents, employees, business associates,
suppliers, or customers.

19

20

As used in this section, "person" includes any person, firm
association, organization, partnership, business trust, corporation,
limited liability company, or company.

21

22

Nothing in this section shall be construed to require any
construction, alteration, repair, structural or otherwise, or
modification of any sort whatsoever, beyond that construction,

23

alteration, repair or modification that is otherwise required by other
provisions of law, to any new or existing establishment, facility,

24

building, improvement, or any other structure . . . nor shall anything
in this section be construed to augment, restrict or alter in any way

25

the authority of the State Architect to require construction,
alteration, repair, or modifications that the State Architect otherwise

26

possesses pursuant to other laws.

27

28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

22

1        69.    Defendants' acts and omissions as specified have denied to plaintiffs full and equal
2   accommodations, advantages, facilities, privileges and services in a business establishment, on the
3   basis of physical disability, in violation of Civil Code §§51 and 51.5, the Unruh Civil Rights Act.
4   Furthermore, pursuant to the 1992 amendment to California Civil Code §51, "A violation of the
5   right of any individual under the Americans with Disabilities Act of 1990 (Public Law 101-336)
6   shall also constitute a violation of this section". Plaintiffs accordingly incorporate the entirety of
7   their above cause of action for violation of the Americans with Disabilities Act at 36, *et seq*., as if
8   repled herein.

9        70.    As a legal result of the violation of plaintiff IRMA RAMIREZ's  civil rights as
10  hereinabove described, plaintiff IRMA RAMIREZ has suffered general damages, bodily injury on
11  two (2) of the four occasions on or about December 22, 2006 June 28, 2007, July 13, 2007 and
12  November 9, 2007 , including, but not limited to, fatigue, stress, strain and pain in wheeling and
13  attempting to and/or transferring up, on, down, to, over, around and through architectural barriers.
14  Specifically, as a legal result of defendants negligence in the design, construction and
15  maintenance of the existing produce bins, plaintiff suffered stress and strained herself while
16  attempting to remove produce from the bins.

17       71.    Further, plaintiff IRMA RAMIREZ suffered physical injury, emotional distress (all
18  to plaintiff's damage according to proof, and incurred reasonable attorneys' fees and costs).
19  Plaintiffs IRMA RAMIREZ and DREES are entitled to the rights and remedies of §52(a) of the
20  Civil Code, including trebling of actual damages (defined by §52(h) of the Civil Code to mean
21  "special and general damages"), as well as to reasonable attorneys' fees and costs, as is allowed by
22  statute, according to proof if deemed to be the prevailing party.

23
24
25
26
27
28

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

1 **PRAYER:**

2    Plaintiffs pray that this court award damages and provide relief as follows:

3 **I. PRAYER FOR FIRST CAUSE OF ACTION FOR DENIAL OF ACCESS BY A PUBLIC ACCOMMODATION IN VIOLATION OF THE AMERICANS WITH**
4 **DISABILITIES ACT OF 1990 (42 U.S.C. §1 2101, et seq.)**
   (On Behalf of Plaintiffs IRMA RAMIREZ and DISABILITY RIGHTS ENFORCEMENT,
5 EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants EXPRESSWAY PARTNERS, LLC, a limited
6 liability company and SAVE MART SUPERMARKETS, inclusive)
   (42 U.S.C. §12101, et seq.)
7
      1.    For injunctive relief, compelling defendants EXPRESSWAY PARTNERS, LLC, a
8
   limited liability company and SAVE MART SUPERMARKETS, inclusive, to make the
9
   FOODMAXX 468. located at 605 Rohnert Park Express, Rohnert Park, California, readily
10
   accessible to and usable by individuals with disabilities, per 42 U.S.C §12181, et seq., and to
11
   make reasonable modifications in policies, practice, eligibility criteria and procedures so as to
12
   afford full access to the goods, services, facilities, privileges, advantages and accommodations
13
   being offered.
14
      2.    For attorneys' fees, litigation expenses and costs of suit, if plaintiffs are deemed
15
   the prevailing party; and
16
      3.    For such other and further relief as the court may deem proper.
17
   **II. PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND**
18 **EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1 AND 54.3, ET SEQ.**
19    (On Behalf of Plaintiffs IRMA RAMIREZ and DISABILITY RIGHTS ENFORCEMENT,
   EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit
20 corporation, and Against Defendants EXPRESSWAY PARTNERS, LLC, a limited
   liability company and SAVE MART SUPERMARKETS, inclusive)
21 (California Civil Code §§54, 54.1, 54.3, et seq.)

22    1.    For injunctive relief, compelling defendants EXPRESSWAY PARTNERS, LLC, a

23 limited liability company and SAVE MART SUPERMARKETS, inclusive, to make the

24 FOODMAXX 468, located at 605 Rohnert Park Express, Rohnert Park, California, readily

25 accessible to and usable by individuals with disabilities, per state law.

26 ///

27 ///

28 ///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

24

1       2.    Statutory damages as afforded by Civil Code §54.3 for the date of incident and for

2 each occasion on which plaintiffs were deterred from returning to the subject public

3 accommodation.

4       3.    Attorneys' fees pursuant to Civil Code §54.3 and §55 and Code of Civil Procedure

5 §1021.5, if plaintiffs are deemed the prevailing party;

6       4.    Treble damages pursuant to Civil Code §54.3;

7       5.    For all costs of suit;

8       6.    Prejudgment interest pursuant to Civil Code §3291;

9       7.    Such other and further relief as the court may deem just and proper.

10 **III. PRAYER FOR SECOND CAUSE OF ACTION FOR DENIAL OF FULL AND EQUAL ACCESS IN VIOLATION OF CALIFORNIA CIVIL CODE §§54, 54.1**

11 **AND 54.3, ET SEQ.**
(On Behalf of Plaintiff IRMA RAMIREZ, and Against Defendants EXPRESSWAY

12 PARTNERS, LLC, a limited liability company and SAVE MART SUPERMARKETS, inclusive).

13 (California Civil Code §§54, 54.1, 54.3, et seq.)

14       1.    General and compensatory damages according to proof.

15 **IV. PRAYER FOR THIRD CAUSE OF ACTION FOR DENIAL OF ACCESSIBLE SANITARY FACILITIES IN VIOLATION OF HEALTH & SAFETY CODE**

16 **§19955, ET. SEQ.**
(On Behalf of Plaintiffs IRMA RAMIREZ and DISABILITY RIGHTS ENFORCEMENT,

17 EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation, and Against Defendants EXPRESSWAY PARTNERS, LLC, a limited

18 liability company and SAVE MART SUPERMARKETS , inclusive)
(Health & Safety code §19955, et seq.)

19

20       1.    For injunctive relief, compelling defendants EXPRESSWAY PARTNERS, LLC, a

21 limited liability company and SAVE MART SUPERMARKETS, inclusive, to make the

22 FOODMAXX 468, located at 605 Rohnert Park Express, Rohnert Park, California, readily

23 accessible to and usable by individuals with disabilities, per state law.

24       2.    For attorneys' fees pursuant to Code of Civil Procedure §1021.5, Civil Code §55,

25 and/or, alternatively, Health & Safety Code §19953, if plaintiffs are deemed the prevailing party;

26       3.    For all costs of suit;

27       4.    For prejudgment interest pursuant to Civil Code §3291;

      5.    Such other and further relief as the court may deem just and proper.

28

**V.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, ET SEQ. (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiffs IRMA RAMIREZ and DISABILITY RIGHTS ENFORCEMENT, EDUCATION, SERVICES:HELPING YOU HELP OTHERS, a California public benefit corporation and Against Defendants EXPRESSWAY PARTNERS, LLC, a limited liability company and SAVE MART SUPERMARKETS, inclusive)
(California Civil Code §§51, 51.5, et seq.)

1.    All statutory damages as afforded by Civil Code §52(a) for the date of incident and for each occasion on which plaintiffs were deterred from returning to the subject public accommodation;

2.    Attorneys' fees pursuant to Civil Code §52(a), if plaintiffs are deemed the prevailing party;

3.    Treble damages pursuant to Civil Code §52(a);

4.    For all costs of suit;

5.    Prejudgment interest pursuant to Civil Code §3291; and

6.    Such other and further relief as the court may deem just and proper.

///
///
///
///
///
///
///
///
///
///
///
///
///
///

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

**VI.    PRAYER FOR FOURTH CAUSE OF ACTION FOR DENIAL OF ACCESS TO FULL AND EQUAL ACCOMMODATIONS, ADVANTAGES, FACILITIES, PRIVILEGES AND/OR SERVICES IN VIOLATION OF CALIFORNIA CIVIL CODE §51, ET SEQ. (THE UNRUH CIVIL RIGHTS ACT)**
(On Behalf of Plaintiff IRMA RAMIREZ, and Against Defendants EXPRESSWAY PARTNERS, LLC, a limited liability company and SAVE MART SUPERMARKETS, inclusive)
(California Civil Code §§51, 51.5, et seq.)

1.    General and compensatory damages to plaintiff IRMA RAMIREZ according to proof.

Dated: 2/13/08 , 2008          THOMAS E. FRANKOVICH
                                A PROFESSIONAL LAW CORPORATION


                                By: _____
                                     THOMAS E. FRANKOVICH
                                Attorneys for Plaintiffs IRMA RAMIREZ and DISABILITY
                                RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:
                                HELPING YOU HELP OTHERS, a California public
                                benefit corporation


## DEMAND FOR JURY TRIAL

Plaintiffs hereby demand a jury for all claims for which a jury is permitted.

Dated: 2/13/08 , 2008          THOMAS E. FRANKOVICH
                                A PROFESSIONAL LAW CORPORATION


                                By: _____
                                     THOMAS E. FRANKOVICH
                                Attorneys for Plaintiffs IRMA RAMIREZ and DISABILITY
                                RIGHTS, ENFORCEMENT, EDUCATION, SERVICES:
                                HELPING YOU HELP OTHERS, a California public
                                benefit corporation

COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES

27

**EXHIBIT A**

Irma Ramirez
734 Morton Way
Santa Rosa, CA 95404

February 14, 2007

Manager
Food Max
605 Rohnert Park Exp.
Rohnert Park, CA 94931

Dear Manager:

I shop at Food Maxx. I use a wheelchair. The produce bins are too high. If I pull out an apple or an orange from the bottom, you know what happens. There is a produce avalanche down to the floor. Can't you do something about this? Also your parking for the disabled is quite faded, maybe it's time to repaint.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Food Maxx once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Irma Ramirez

Irma Ramirez
734 Morton Way
Santa Rosa, CA 95404

February 14, 2007

Owner of the Building
Food Max
605 Rohnert Park Exp.
Rohnert Park, CA 94931

Dear Owner of the Building:

I shop at Food Maxx. I use a wheelchair. The produce bins are too high. If I pull out an apple or an orange from the bottom, you know what happens. There is a produce avalanche down to the floor. Can't you do something about this? Also your parking for the disabled is quite faded, maybe it's time to repaint.

I would really appreciate it if you would give me written assurance within the next two weeks that you will take care of these problems within the next three months. I'd like a written agreement. If you cannot do this would you forward my letter to whomever is in charge. I'd like to come back to Food Maxx once it's accessible to me. I may still come back before you do the work just because I like the place. If there is some problem doing this please let me know. Would you please reply to my letter by FedEx to make sure I get your response?

I found out who might be able to help you. If you need information on exactly what you need to do, you can contact Pacific ADA and IT Center in Oakland at 1-800-949-4232, or the federal government at 1-800-514-0301. Either of them can send you a copy of the ADA and ADAAG codes, specifications, diagrams and manuals so that you can do the work yourself or have someone do it for you. You could also get a list of barriers common to places like yours and do your own inspection for barriers and remove them.

I was told that, if you make less than a million dollars per year and have a few employees, that you can get a $10,000 tax credit to make your place accessible. That's a great deal. You can get information on this from the two places I mentioned above. You should talk to your accountant about it. Maybe your account already has this information or knows about it.

Thank you for considering my request.

Thank You,

Irma Ramirez

Irma Ramirez