Mark G. Intrieri (SBN 116627)
Jessica A. Fakhimi (SBN 184115)
CHAPMAN & INTRIERI, L.L.P.
2236 Mariner Square Drive
Third Floor, Suite 300
Alameda, California 94501-6468
Telephone: (510) 864-3600
Facsimile: (510) 864-3601
E-mail: jfakhimi@chapmanandintrieri.com

Attorneys for Defendants
SAVE MART SUPERMARKETS, a California Corporation,
dba FOODMAXX and EXPRESSWAY PARTNERS, LLC

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| IRMA RAMIREZ, an individual; and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS, a California public benefit corporation,<br><br>Plaintiffs,<br><br>vs.<br><br>FOODMAXX 468, EXPRESSWAY PARTNERS, LLC, a limited liability company and SAVE MART SUPERMARKETS,<br><br>Defendants.<br>_____ / | Case No. 08-1189-BZ<br><br>**ANSWER OF DEFENDANTS SAVE MART SUPERMARKETS dba FOODMAXX and EXPRESSWAY PARTNERS, LLC TO COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**<br><br>Complaint Filed: February 28, 2008 |

Defendants SAVE MART SUPERMARKETS, a California Corporation, dba FOODMAXX and EXPRESSWAY PARTNERS, LLC (hereinafter "Defendants"), in answer to Plaintiffs IRMA RAMIREZ and DISABILITY RIGHTS, ENFORCEMENT, EDUCATION, SERVICES: HELPING YOU HELP OTHERS ("Plaintiffs")' Complaint and Jury Trial Demand ("Complaint") on file herein, admit, deny, and allege as follows:

Answering Paragraphs 3, 4, 47, and 65, Defendants admit the allegations contained therein.

Answering Paragraphs 10, 13, 19, 21, 22, 23, 24, 25, 26, 30, 33, 42, 45, 54, 55, 63, 70 and 71 of the Complaint, Defendants deny the allegations of said paragraphs.

Answering Paragraphs 5, 6, 7, 12, 14, 18, 27, 29, 35, 44, 61 and 62, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraphs, and on that basis deny each and every allegation contained therein.

Answering Paragraph 1, Defendants admit that plaintiff has filed a civil rights action for discrimination for failure to remove architectural barriers and that plaintiff is claiming injunctive relief. Defendants are without sufficient knowledge or information to form a belief as to whether the plaintiff is a person with a physical disability and whether she is a member of DREES, and on that basis deny the allegation contained therein. Defendants deny all other allegations contained therein.

Answering Paragraph 2, Defendants admit that it is a "public accommodation." Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations, and on that basis deny each and every allegation contained therein.

Answering Paragraph 8, Defendant admits Expressway Partners, LLC is the owner of building that housed the FoodMaxx store and that Save Mart Supermarkets dba FoodMaxx is the lessee.

Answering Paragraph 9, Defendants admit that FoodMaxx is a public accommodation. Defendants deny all other allegations contained therein.

Answering Paragraph 11, Defendants admit that the FoodMaxx store which is the subject of this lawsuit is a grocery store located at 605 Rohnert Park Expressway, Rohnert Park, California and that the store is a public accommodation. Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations, and on that basis deny each and every allegation contained therein.

Answering Paragraph 15, Defendants deny that the international symbols for parking were so faded as not to be effective. Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations, and on that basis deny each and every allegation contained therein.

Answering Paragraph 16, Defendants deny that the produce was placed in high bins and that the existing bin system prevented Plaintiff from the opportunity to make the same selections

as able bodied persons. Defendants are without sufficient knowledge or information to form a belief as to the remaining allegations, and on that basis deny each and every allegation contained therein.

Answering Paragraphs 17 and 20, Defendants deny ever receiving a letter from Plaintiff dated February 14, 2007 about the parking and produce issues. Defendants admit that they never responded because they never received the letter, not because they did not want to engage in an early and reasonable resolution of the matter.

Answering Paragraph 28, Defendants admit that plaintiff is seeking injunctive relief. Defendants deny all other allegations contained therein.

Answering Paragraph 31, Defendants admit that the Plaintiff is seeking an order compelling Defendants to make the grocery store accessible to persons with disabilities. Defendants deny all other allegations contained therein.

Answering Paragraph 32, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in sentence one, and on that basis deny the allegation contained therein. Defendants deny all other allegations contained therein.

Answering Paragraph 34, Defendants admit that a letter from Plaintiff was attached to the Complaint. Defendants deny all other allegations contained therein.

Answering Paragraph 37, Defendants deny that Plaintiffs have accurately quoted the referenced statute.

Answering Paragraphs 38, 39, and 40, Defendants admit that Plaintiffs have quoted part of the referenced statute.

Answering Paragraph 41, Defendants deny that the acts of Defendants were a violation of the ADA, Public Law 101-336, and the regulations promulgated thereunder, 28 CFR Part 36, et seq. Defendants admit that Plaintiffs have quoted part of the referenced statute.

Answering Paragraph 43, Defendants deny the last sentence. Defendants admit all other allegations contained therein.

Answering Paragraph 46, Defendants are without sufficient knowledge or information to form a belief as to whether the Plaintiff has not returned to defendants' premises since November

9, 2007, and on that basis deny the allegation contained therein. Defendants deny that they have continued to violate the law and deny the right of Plaintiffs and of other persons with physical disabilities. Defendants admit all other allegations contained therein.

Answering Paragraphs 49, 50, 51, and 59 Defendants admit that Plaintiffs have quoted part of the referenced statutes.

Answering Paragraph 52, Defendants are without sufficient knowledge or information to form a belief as to whether the Plaintiff and the membership of Plaintiff DREES are persons within the meaning of Civil Code Sections 54 and 54.1, and on that basis deny the allegation contained therein. Defendants admit the quoted language of Civil Code Section 54.3. Defendants deny all other allegations contained therein.

Answering Paragraph 53, Defendants are without sufficient knowledge or information to form a belief as to whether the Plaintiff was a person with a physical disability, and on that basis deny the allegation contained therein. Defendants deny all other allegations contained therein.

Answering Paragraph 56, Defendants deny that Plaintiffs have been damaged by defendants and deny any wrongful conduct. Defendants admit the remaining allegations contained therein.

Answering Paragraph 57, Defendants deny the first sentence. Defendants admit the second sentence. As to the third sentence, Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained, and on that basis deny the allegations contained therein.

Answering Paragraph 60, Defendants admit that Plaintiff has quoted part of Health & Safety Code Section 19956 and that the statute became operative on July 1, 1970. Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations contained in said Paragraphs, and on that basis deny each and every allegation contained therein.

Answering Paragraph 64, Defendants admit that Plaintiff is seeking attorneys' fees. Defendants deny all other allegations contained therein.

Answering Paragraph 67, Defendants admit that Plaintiff has quoted part of Civil Code Section 51. Defendants deny all other allegations contained therein.

Answering Paragraph 68, Defendants deny that Plaintiffs have accurately quoted Civil Code Section 51.5 and further deny all allegations contained therein.

Answering Paragraph 69, Defendants deny the allegations contained in the first sentence. Defendants admit the allegations in the second sentence. As sentence three, incorporates the allegation for violation of the ADA, Defendants responses to said allegations are incorporated by reference as well.

Answering Paragraphs 36, 48, 58, and 66, as they incorporate allegations by reference, the responses to said allegations are incorporated herein by reference as well.

## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

1. The Complaint, and each and every cause of action purportedly contained therein, is barred, or otherwise abrogated, in that Plaintiff lacks standing.

### SECOND AFFIRMATIVE DEFENSE

2. The Complaint as a whole, and each alleged cause of action therein, fails to state a cause of action and/or fails to state a claim upon which relief can be granted against Defendants.

### THIRD AFFIRMATIVE DEFENSE

3. Plaintiff's claims are barred to the extent her conduct herein was fraudulent.

### FOURTH AFFIRMATIVE DEFENSE

4. Plaintiff's claims are barred and estopped by virtue of the doctrine of unclean hands.

### FIFTH AFFIRMATIVE DEFENSE

5. Plaintiff did not sustain any actual damages as a result of any alleged acts and/or omissions of Defendants.

### SIXTH AFFIRMATIVE DEFENSE

6. Defendants acted in, and with, a good faith belief in the propriety of all acts performed, or alleged omissions and are, therefore, not liable for any claims presented in the Complaint.

///

### SEVENTH AFFIRMATIVE DEFENSE

7. Plaintiff's claim for injunctive relief has been rendered moot by the conduct and actions of Defendants.

### EIGHTH AFFIRMATIVE DEFENSE

8. The making of modifications of which Plaintiff complains would result in an undue burden and hardship, significant difficulty or expenses to Defendants and, therefore, the modifications are not legally required.

### NINTH AFFIRMATIVE DEFENSE

9. The modifications for which Plaintiff prays are not "readily achievable" within the meaning of 42 U.S.C. §12181, et seq.; alternative remedies are also not "readily achievable" and, thus, not legally required to be performed by Defendants.

### TENTH AFFIRMATIVE DEFENSE

10. There has been no remodeling of, new construction of, or alteration to any area of which Plaintiff complains concerning Defendants' business premises during the period of applicability of the Americans With Disability Act and/or corresponding state laws and, therefore, Defendants have no duty to provide access to Plaintiff imposed by the Americans with Disabilities Act and/or state laws.

### ELEVENTH AFFIRMATIVE DEFENSE

11. The cost and scope of the access changes prayed for by Plaintiff are unfairly disproportionate when compared to the cost of the alleged alteration to the primary function area of Defendants' business premises and, therefore, such access changes are not legally required.

### TWELFTH AFFIRMATIVE DEFENSE

12. The Complaint, and each and every cause of action purportedly contained therein, is barred or otherwise abrogated by the terms and conditions of the Americans with Disabilities Act, the California Health & Safety Code, the Unruh Civil Rights Act, and related provisions of state and federal law.

///

///

### THIRTEENTH AFFIRMATIVE DEFENSE

13. Plaintiff, by reason of her own negligence and other wrongdoings in and about the subject matter of this action, is estopped to assert any claims against Defendant.

### FOURTEENTH AFFIRMATIVE DEFENSE

14. Defendants' liability, if any, for non-economic damages is limited by California Civil Code section 1431.2.

### FIFTEENTH AFFIRMATIVE DEFENSE

15. The Complaint, and each and every cause of action purportedly contained therein, is barred or otherwise abrogated by public policy and/or other factors that preclude the imposition of a duty vis-a-vis Defendants.

### SIXTEENTH AFFIRMATIVE DEFENSE

16. Plaintiff failed to mitigate her damages, if any there were, although she had reasonable opportunity to do so.

### SEVENTEENTH AFFIRMATIVE DEFENSE

17. The Complaint, and each and every cause of action purportedly contained therein, is barred or otherwise abrogated in that Plaintiff was not required to file the subject lawsuit in order to achieve remedial measures of the type sought.

### EIGHTEENTH AFFIRMATIVE DEFENSE

18. Any damages and/or injury claimed by Plaintiff in the Complaint was caused and/or contributed to by the intentional and/or negligent conduct of Plaintiff.

### NINETEENTH AFFIRMATIVE DEFENSE

19. Plaintiff and/or her Complaint was not a catalyst motivating Defendants to alter their business premises to provide access.

### TWENTIETH AFFIRMATIVE DEFENSE

20. The Complaint, and each cause of action therein, fails for lack of certainty and conciseness.

///

///

### TWENTY-FIRST AFFIRMATIVE DEFENSE

21.     Plaintiff failed and neglected to use reasonable care to protect herself and/or assumed the risk of her actions, implicitly, expressly, and/or otherwise.

### TWENTY-SECOND AFFIRMATIVE DEFENSE

22.     Plaintiff's claims are barred in whole or in part by the doctrine of waiver.

### TWENTY-THIRD AFFIRMATIVE DEFENSE

23.     Plaintiff is barred from recovering by the doctrine of laches.

### TWENTY-FOURTH AFFIRMATIVE DEFENSE

24.     Plaintiff failed to pursue the administrative remedies required before filing this action.

### TWENTY-FIFTH AFFIRMATIVE DEFENSE

25.     Plaintiff's claims are barred by the applicable statutes of limitation including, but not limited to, California Code of Civil Procedure §§337 et seq., 338 et seq., 339 et seq., 340 et seq., 340(3) et seq.,    343 et seq., California Government Code §4450 et seq., California Health & Safety Code §19955 et seq., California Civil Code §51 et seq., 42 U.S.C. §2000a-3 et seq., 42 U.S.C. §2000e et seq., and/or 42 U.S.C. 12181 et seq.

### TWENTY-SIXTH AFFIRMATIVE DEFENSE

26.     Defendants allege that all of the activities of these answering Defendants as alleged in Plaintiff's Complaint conform to statutes, governmental regulations and industry standards based upon the state of knowledge existing at the time alleged in the Complaint.

### TWENTY-SEVENTH AFFIRMATIVE DEFENSE

27.     Defendants allege that the causes of action asserted by Plaintiff in this action are barred under the doctrines of issue preclusion and/or collateral estoppel.

### TWENTY-EIGHTH AFFIRMATIVE DEFENSE

28.     Defendants allege that the acts complained of in Plaintiff's Complaint constitute no violation of a statue, regulation or ordinance, of which Plaintiff was one of the class of people for whose protection the statute, regulation or ordinance was adopted.

///

### TWENTY-NINTH AFFIRMATIVE DEFENSE

29. Defendants allege that, to the extent that the acts complained of in Plaintiff's Complaint constitute a violation of a statute, regulation or ordinance, which violation Defendants expressly deny, said violation was not a proximate cause of the injuries of which Plaintiff complains, nor are the injuries of which Plaintiff complains of the nature for which said statute, ordinance or regulation was designed to prevent.

### THIRTIETH AFFIRMATIVE DEFENSE

30. Defendants acted in, and with, a good faith belief in the propriety of all acts performed, or alleged omissions and are, therefore, not liable for any claims presented in the Complaint.

### DEMAND FOR JURY TRIAL

Defendants hereby demand a trial by jury.

### PRAYER

Wherefore, Defendants pray as follows:

1. That Plaintiff take nothing by reason of her Complaint and that judgment be rendered in favor of Defendants;

2. That Defendants be awarded their attorney's fees and costs of suit incurred in defense of this action; and,

3. For such other relief as the Court deems proper.

///

DATED: May 8, 2008

CHAPMAN & INTRIERI, L.L.P.

By: _____
Mark G. Intrieri
Jessica A. Fakhimi
Attorneys for Defendants
SAVE MART SUPERMARKETS dba
FOODMAXX and EXPRESSWAY
PARTNERS, LLC

P:\DATA\Open Cases\15009\Pleadings\Answer.wpd

*Irma Ramirez, et al. v. FoodMaxx, et al.*
*USDC, Northern District of California, Case No. 08-1189-BZ*

**Our File # 150.09**

## Proof of Service

I am employed in the County of Alameda, State of California. I am over the age of 18 years and not a party to the within action. I am employed by Chapman & Intrieri, L.L.P., and my business address is 2236 Mariner Square Drive, Third Floor, Suite 300, Alameda, California 94501-1090.

On **May 8, 2008,** I served the within:

**ANSWER OF DEFENDANTS SAVEMART SUPERMARKETS dba FOODMAXX and EXPRESSWAY PARTNERS, LLC TO COMPLAINT FOR INJUNCTIVE RELIEF AND DAMAGES**

on the parties in this action, by transmitting a true copy of the foregoing document(s) in the following manner:

__XX__    **(BY MAIL)** I caused each of the above document(s) to be placed in a sealed envelope, with postage thereon fully prepaid, to be deposited this date with the United States Postal Office at Alameda, California, addressed as follows:

| | |
|---|---|
| Thomas E. Frankovich, Esq.<br>The Frankovich Law Group<br>2806 Van Ness Avenue<br>San Francisco, CA 94109-1426 | Counsel for Plaintiffs<br><br>Tel:    (415) 674-8600<br>Fax:   (415) 674-9900 |

____    **(BY PERSONAL SERVICE)** I caused to be delivered by hand this date each of the above documents, to the following:

____    **(BY FACSIMILE)** I caused each of the above documents to be faxed this date to the offices of the following:

____    **(BY FEDERAL EXPRESS)** I caused to be delivered by Federal Express overnight delivery this date each of the above documents, to the following:

I declare under penalty of perjury that the foregoing is true and correct. Executed on **May 8, 2008,** at Alameda, California.

*Pamela Thompson* (signature)
Pamela Thompson